41 F.3d 1504
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Taylor SHORTRIDGE, Defendant-Appellant.
 No. 94-5170.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 3, 1994.
Decided Dec. 6, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CR-93-253-5)
 ARGUED: C. Cooper Fulton, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kelly D. Ambrose, Assistant United States Attorney, Charleston, West Virginia, for Appellee. ON BRIEF: Hunt L. Charach, Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 DISMISSED.
 Before LUTTIG and WILLIAMS, Circuit Judges, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 In November 1991, appellant Paul Taylor Shortridge was sentenced to 38 months imprisonment on counterfeiting charges, and was ordered to self-report to the United States Marshal in Charleston, West Virginia, by January 12, 1992. He failed to appear, and a warrant was issued for his arrest. Shortridge was apprehended in Canada in September 1993. He pleaded guilty to failing to appear for his incarceration, in violation of 18 U.S.C. Sec. 3146, and was sentenced to 12 months imprisonment, to run consecutively to the previously-imposed counterfeiting sentence. In imposing the 12-month sentence, the district court denied the government's motion to grant Shortridge a downward departure for substantial assistance, pursuant to U.S.S.G. Sec. 5K1.1.[1] In this appeal, Shortridge argues that the district court erred by not granting the downward departure.
 
 
 2
 Under United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.1990), a defendant cannot appeal a district court's refusal to depart downward except where the refusal was based on the court's mistaken belief that it lacked the authority to depart.[2] The record in this case reveals that the court was fully aware of its authority to depart downward. See J.A. at 81-84 ("So, for those reasons, I am going to deny the motion for substantial assistance."). We therefore decline to review the district court's action, and dismiss Shortridge's appeal.
 
 DISMISSED
 
 
 [1]
 Shortridge had associated with members of a currency counterfeiting operation and a marijuana cultivation ring while a fugitive, and provided the Secret Service and the Royal Canadian Mounted Police with information concerning those networks
 
 
 [2]
 Shortridge argues that his challenge to the district court's refusal to depart downward is reviewable under United States v. Malvito, 946 F.2d 1066 (4th Cir.1991). Malvito reviewed a refusal to depart downward (and vacated the resultant sentence) that was based on self-incriminating information provided by the defendant under an express governmental promise of use immunity. Malvito is not applicable to Shortridge's case, however, because the Guidelines were amended in 1992--before Shortridge provided any self-incriminating evidence and before he was sentenced--to make clear that self-incriminating evidence provided pursuant to a cooperation agreement can be used "in determining whether, or to what extent, a downward departure from the guidelines is warranted pursuant to a government motion under Sec. 5K1.1 (Substantial Assistance to Authorities)." U.S.S.G. Sec. 1B1.8(b)(5)